FULL NAME *Brandon Eugene Hunter*

COMMITTED NAME (if different) *Brandon Hunter*

FULL ADDRESS INCLUDING NAME OF INSTITUTION *Sacramento County Main Jail*
*651 I St., Sacramento, CA 95814*

PRISON NUMBER (if applicable) *Xref number 2359710*

FILED
CLERK, U.S. DISTRICT COURT

APR 11 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*Brandon Eugene Hunter*

PLAINTIFF,

v.

*Defendants 1 through 139, inclusive,*
*Does 1 through 100, inclusive*

DEFENDANT(S).

CASE NUMBER **CV22-2465-CAS (MAA)**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☑ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _____

_____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _For the issues grievable, the grievance proceedure was used as to certian individuals, the other individuals not grieved, were not grievable._

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _some grievances were not responded to._

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Brandon Eugene Hunter_
(print plaintiff's name)

who presently resides at _441 Bauchet St. Twinn Towers 142E-10, L.A. CA 90012_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Hollywood, Los Angeles, Clara Shortridge Foltz Criminal Justice Center_
(institution/city where violation occurred)

_Men's Central Jail, Twinn Towers, Wayside_

on (date or dates) _____12-8-20_____ , _____12-10-20_____ , ____1-4-21____ .
                         (Claim I)                 (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   Richard Acosta #36470 _____ resides or works at
    (full name of first defendant)
    Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
    (full address of first defendant)
    Peace Officer
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

    Explain how this defendant was acting under color of law:
    as a Peace officer of the Los Angeles Police Department
    Hollywood division

2.  Defendant   Mike Nelson _____ resides or works at
    (full name of first defendant)
    Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
    (full address of first defendant)
    Peace officer
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

    Explain how this defendant was acting under color of law:
    as a peace officer of the Los Angeles Police Department
    Hollywood Division

3.  Defendant   Jamie Espinoza _____ resides or works at
    (full name of first defendant)
    Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
    (full address of first defendant)
    Peace Officer
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

    Explain how this defendant was acting under color of law:
    as a peace officer of the Los Angeles Police Department
    Hollywood division.

4.  Defendant  Eduardo Mercado # 39108                    resides or works at
    (full name of first defendant)

    Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
    (full address of first defendant)

    Sargent
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

as an executive/Peace Officer/Sargent of the Los Angeles
police Department Hollywood division

5.  Defendant  Delivan                                    resides or works at
    (full name of first defendant)

    Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
    (full address of first defendant)

    Detective II
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

as an executive/Peace officer/Detective of the Los Angeles
Police Department Hollywood division.

6. Defendant  Jennifer Leyva

        Hollywood LAPD, 1308 West 8th Street, LA, CA 90017

        Peace Officer

The defendant is sued in her individual and official Capacity.

This defendant was operating under the color of law as
an executive/Peace Officer/Detective of the Los Angeles
Police Department Hollywood division.

P.4 Continued

7.) Defendant Melissa Soto Enriquez
- Hollywood LAPD, 1308 West 8th Street, LA, CA, 90017
- Resurve Peace Officer
- The defendant is sued in her individual and official capacity.
- The defendand was operating under the color of the law as a resurve officer of the Los Angeles police department Hollywood division.

8.) Defendant Morales #36906
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Detective
- The defendant is sued in his individual and official capacity.
- The defendant was operating under the color of Law as an executive / peace officer / detective of the Los Angeles police department Hollywood division.

9.) Defendant Hernandez
- Hollywood LAPD, 1308 West 8th Street LA, CA 90017
- Sargent II / Watch Comander
- Defendant is sued in his individual and official capacity.
- The defendant was operating under the color of law as The advising investigator supervisor, west traffic Watch comander, executive officer / Peace officer / Sargent.

10.) Defendant B. Morris
- Hollywood LAPD, 1308 West 8th Street LA, CA 90017
- Sargent / Hollywood area Watch Comander
- Defendant is sued in his individual and official capacity.
- The defendant was operating under the color of law as the Hollywood area Watch commander and sargent / executive / Peace officer of the Los Angeles Police Department Hollywood division.

· NoTE: See Back of Page, Page 4 continued

11.) Defendant Thomas Willers

Hollywood LAPD, 1308 West 8th Street, LA, CA 90017

· Sargent

· The defendant is sued in his individual and official capacity.

· Defendant was acting under color of law as a Los Angeles police department, Hollywood devision executive/Peace officer/Sergeant.

12.) Defendant Eric Acosta

Hollywood LAPD, 1308 West 8th Street, LA, CA 90017

· Peace Officer

· The defendant is sued in his individual and official capacity.

· Defendant was acting under color of law as a Los Angeles police department Hollywood devision peace officer.

13.) Defendant Evening Wight

Hollywood LAPD, 1308 West 8th Street, LA, CA 90017

· Sargeant

· The defendant is sued in his individual and official capacity.

· Defendant was acting under the color of law as a seargent/ Peace Officer/executive officer of the Los Angeles Police Department, Hollywood devision.

14.) Defendant Freddy Reyes

Hollywood LAPD, 1308 West 8th Street, LA, CA 90017

· Peace Officer

· The defendant is sued in his individual and official capacity.

· Defendant was acting under color of law as a Peace officer of the Los Angeles Police Department Hollywood division.

Note: Next Page is page 4 continued.

continued

15) Defendant Richard Hechavarria
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Peace Officer
- Defendant is sued in his individual and official capacity.
- Defendant was acting under color of law as a Los Angeles Hollywood devision Peace Officer.

16.) Defendant Joseph Peccoralo
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Peace Officer
- Defendant is sued in his individual and official capacity.
- Defendant was acting under color of law as a Los Angeles Peace Officer, Hollywood division.

17.) Defendant Cody Cummings
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Peace Officer
- Defendant is sued in his individual and official capacity.
- Defendant was acting under color of law as a Los Angeles Peace Officer, Hollywood devision.

18.) Defendant White
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Peace Officer
- Defendant is sued in his individual and official capacity.
- Defendant was acting under the color of law as a Los Angeles Hollywood devision Peace Officer.

19.) Defendant Watts
- Hollywood LAPD, 1308 West 8th Street, LA, CA 90017
- Peace officer
- Defendant is sued in his individual and official capacity
- Defendant acted as a Los Angeles Peace officer, HWD, under color of law

pg. 4
continued

20.) Defendant Los Angeles Police Department Hollywood Division
· 1308 West 8th Street, Los Angeles, CA 90017
· Defendant is sued in its official Capacity
· Defendant acted under color of law by employing the other defendants.

21.) Defendant Los Angeles Police Department
· Address Unknown
· Defendant is sued in its official Capacity
· Defendant acted under color of law by creating a Hollywood division Police Department.

22.) The Commission on Peace Officer Standards and Training / Defendant
· Address Unknown
· Defendant is sued in its official Capacity
· Defendant acted under color of law by issuing certificates to unqualified Peace Officers.

23.) City of Los Angeles, Defendant
· Address Unknown / maby City Hall
· Defendant is sued in its official Capacity
· Defendant acted under the color of law by employing an incompitent police force.

24.) Defendant K. Lousteau
· Address Unknown / Superior Court of Los Angeles
· Judicial Officer
· Defendant is sued in his/her individual and or Official Capacity
· Defendant operated under the color of law as a magistrate of Los Angeles Superior Court.

NOTE: Next page is page 4 Continued.

continued

25.) Defendant Kimberley Baker Guillemet
- 210 West Temple St., LA, CA 90012, Dept. 30 Clara Shortridge Foltz Criminal Justice Center; Los Angeles Superior Court. State of California
- Judge
- Defendant is sued in her individual and or Official Capacity.
- Defendant acted under the color of law as a California Superior Court Magistrate.

26.) Defendant Miguel Espinoza
- 210 West Temple St., LA, CA 90012, Dept. 30 Clara Shortridge Foltz Criminal Justice Center, Los Angeles Superior Court of California
- Judge
- Defendant is sued in his individual and or official capacity.
- Defendant acted under the color of law as a California Superior Court magistrate.

27.) Defendant Teresa T. Sullivan
- 210 West Temple St., LA, CA 90012, Dept. 33 Clara Shortridge Foltz Criminal Justice Center, Los Angeles Superior Court of California.
- Judge
- Defendant is sued in her individual and or Official Capacity.
- Defendant acted under the Color of Athority as a Los Angeles California Superior Court magistrate.

28.) Defendant Renee F. Korn or Renee J. Korn
- 210 West Temple St., LA, CA 90012, Dept. 118 Clara Shortridge Foltz Criminal Justice Center, Los Angeles Superior Court of California
- Judge
- Defendant is sued in her individual and or official Capacity
- Defendant was acting under the color of law as a magistrate.

Continude

29.) Defendant Willhite

Second Appellate District, 300 South Spring St., Second floor

North Tower, Los Angeles, CA 90013-1204

· Magistrate / judge

· Defendant is sued in his/her individual and or Official Capacity

· Defendant operated under the color of law as a Magistrate/
judge of the Court of Appeals 2nd Appellate District, Devision Four.

30.) Defendant Collins J.

· 2nd Appellate District, 300 South Spring St. Second floor

North Tower, Los Angeles, CA 90013-1204

· Magistrate / judge

· Defendant is sued in his/her individual and or Official Capacity

· Defendant operated under the color of law as a judge/
magistrate of the 2nd Appellate District Devision Four.

31.) Defendant Curry J.

· Second Appellate District, 300 South Spring St., Second Floor

North Tower, Los Angeles, CA 90013-1204

· Magistrate / Judge

· Defendant is sued in his/her individual and or Official Capacity

· Defendant operated under the color of law as a judge/
magistrate of the 2nd Appellate District Devision Four.

32.) Defendant Daniel P. Potter

· Second Appellate District, 300 South Spring St., Second
Floor North Tower, Los Angeles, CA 90013-1204 "Clerks Office"

· Clerk

· Defendant is sued in his/her individual and or official Capacity

· Defendant operated under the color of law as
a Clerk for the Appellate courts.

NOTE: Next page is page 4 continued.

33.) Defendant S. Veverka
  · Clerks Office, Second Appellate District, 300 Spring Street,
    Second Floor North Tower, Los Angeles, CA 90013-1204
  · Deputy Clerk
  · Defendant is sued in his/her individual and/or Official Capacity
  · Defendant operated under the color of Authority as a
    Deputy clerk of the Appellate Courts.

34.) Defendant Jorge E. Navarrete
  · 350 McAllister Street, Room 1295, San Francisco, CA
    94102-4797
  · Clerk and Executive Officer of the Supreem Court
  · Defendant is sued in his/her individual and/or Official Capacity
  · Defendant operated under the color of Law as a
    Clerk and executive officer of The Supreem Court.

35.) Defendant R. HO
  · 350 McAllister Street, Room 1295, San Francisco, CA
    94102-4797
  · Deputy Clerk
  · Defendant is sued in his/her individual and/or official Capacity
  · Defendant operated under the color of Law as a
    Deputy Clerk of the Supreem Court.

36.) Defendant Mildred Escobedo
  · 210 West Temple St., LA, CA 90012, Dept. 126 Clara
    Shortridge Foltz Crimonal Justice Center
  · judge/magistrate
  · Defendant is sued in her individual and/or official capacity.
  · Defendant acted under color of law as a judge/
    magistrate of the California Superior Court.

Continued

37.) Defendant California Court Clerks Association
- Adress Unknown
- Defendant is sued in its official Capacity
- Defendant acted under color of law as defendants/ Clerks representetive.

38.) Defendant Mitchell
- 210 West Temple Street, LA, CA 90012, Dept. 133 Clara Shortridge Foltz Criminal Justice Center
- Judge/Magistrate
- Defendant is sued in his individual and/or official Capacity
- Defendant operated under the color of law as a Los Angeles Superior Court Judge/magistrate.

39.) Defendant Patrick Hare
- Address Unknown/Public Defenders office of Los Angeles
- Deputy Public Defender
- Defendant is sued in his individual and official capacity
- Defendant operated under the color of law as a Deputy Public Defender.

40.) Defendant Sumita L. Dalal
- Los Angeles Public Defenders office/Unknown
- Deputy Public Defender
- Defendant is sued in her individual and official Capacity.
- Defendant operated under color of law as a Deputy public defender.

41.) Defendant California State Bare Association
- Address Unknown
- Defendant is sued in its official Capacity
- Defendant operated under the color of law as the license issuer for defendant to practice law in California.

Pg. 14
Continued

42.) Defendant Steven L. Gates
   · Los Angeles County District Attorneys office
   · Deputy District Attorney
   · Defendant is sued in his individual and or official Capacity
   · Defendant operated under color of law as a Deputy
     District Attorney

43.) Defendant Michelle L. Dodd
   · Los Angeles District Attorneys office
   · Deputy District Attorney
   · Defendant is sued in his/her individual and or official Capacity
   · Defendant operated under the color of law as a Deputy
     District Attorney

44.) Defendant Stephen Rivera
   · Los Angeles District Attorneys office
   · Deputy District Attorney
   · Defendant is sued in his individual and or official Capacity
   · Defendant operated under the color of law as a deputy
     district Attorney

45.) Defendant Brian R. Hettinger
   · Los Angeles District Attorneys office
   · Deputy District Attorney
   · Defend is sued in his individual and or official Capacity
   · Defendant was operating under color of law as a Deputy
     District Attorney.

46.) Defendant Anthoney M. Ellis
   · Los Angeles District Attorney's office
   · Deputy District Attorney
   · Defendant is sued in his individual and or official Capacity.
   · Defendant opperated under the color of law as a District Attorney

Continued

47.) Defendant Sergio Tapia II
- 210 West Temple Street, LA, CA 90012, Dept. 100 Clara Shortridge Foltz Criminal Justice Center
- Judge/magistrate
- Defendant is sued in his individual and or official capacity
- Defendant operated under the color of law as a judge/magistrate.

48.) Defendant David J. Richman
- Los Angeles District Attorney's Office
- Deputy District Attorney
- Defendant is sued in his individual and or official capacity.
- Defendant operated under color of law as a Deputy District Attorney.

49.) Daniel I. Kapelovitz
- Unknown Address
- Bar Panel Attorney
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a Bar Panel defense Attorney.

50.) Defendant California District Attorney's Association
- Address unknown
- Defendant is sued in its official capacity
- Defender operated under color of law as defendants representative for the District Attorneyes

51.) Defendant George Gascon
- Los Angeles District Attorney's Office
- Los Angeles District Attorney
- Defendant is sued in his individual and or official capacity
- Defendant operated under the color of law as the supervisor of the defendants

Continued

52.) Defendant Ray Leyva
 • Los Angeles County Probation Department, maby Ascot Intake 210 West Temple Street, Rm 3-516, Los Angeles, CA 90012 Tel. No. 213-893-0483
 • Interim Chief Probation Officer
 • Defendant is sued in his/her individual and official capacity
 • Defendant operated under color of law as a Los Angeles Interim Chief Probation Officer

53.) Defendant Cynthia Ademiluyi
 • Central Audault Invest, Tel. no. 213-893-0658, Los Angeles County Probation Department, 210 West Temple Street, Rm 3-516, Los Angeles, CA 90012
 • Deputy Probation Officer (DPO)
 • Defendant is sued in her individual and official capacity
 • Defendant operated under color of law as a Los Angeles Deputy Probation Officer.

54.) Defendant Horacio Ramirez
 • Tel. no. 213-974-9390, 210 West Temple Street, Rm 3-516, Los Angeles, CA 90012
 • (SDPO) Supervising Deputy Probation Officer
 • Defendant is sued in his/her individual and official capacity
 • Defendant was operating under color of law as a Los Angeles Deputy probation officer Supervisor.

55.) Defendant Chief Probation Officers Association of California
 • Address unknown
 • Defendant is sued in its official capacity.
 • Defendant acted under color of law by being the representitive of defendants.

Continued

56.) Defendant Los Angeles County Public Defenders Office
   · Los Angeles County public Defenders office
   · Defendant is sued in its official capacity.
   · Defendant operated under color of law by employing
     defendants.

57.) Defendant Los Angeles County Chief Public Defender
   · Los Angeles public defenders office
   · Defendant is sued in his/her individual and official Capacity.
   · Defendant operated under color of law by being the
     employer of defendants.

58.) Defendant Gary Puga #657894
   · Los Angeles County Jail Twin Towers
   · Deputy Sherriff
   · Defendant is sued in his individual and official Capacity
   · Defendant operated under color of Law as a Los Angeles
     County sherriffs Deputy.

59.) Defendant Kevyn Fox #642115
   · Los Angeles County Jail Twin Towers
   · Deputy Sherriff
   · Defendant is sued in his individual and official Capacity.
   · Defendant operated under color of law as a Los Angeles
     County Sherriffs Deputy.

60.) Defendant Franks
   · Los Angeles County twin towers
   · Deputy Sherriff
   · Defendant is sued in his individual and official Capacity.
   · Defendant operated under color of law as a
     Los Angeles sherriffs Deputy.

continued

61.) Defendant Blum
  · Los Angeles County Jail Twin Towers
  · Deputy Sherriff
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under color of law as a Los
    Angeles County Sherriffs Deputy.

62.) Defendant Lopez
  · Los Angeles County Jail Twin Towers
  · Defendant is sued in his individual and official Capacity
  · Defendant operated under color of law as a Los
    Angeles County Jail Sherriff Deputy/Custody staff.

63.) Defendant Mutley or Motley
  · Los Angeles County Jail Twin Towers
  · Deputy Sherriff
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under Color of law as a Los
    Angeles Sherriffs Deputy.

64.) Defendant Hum
  · Los Angeles County Jail Twin Towers
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under color of law as a Los Angeles
    County Sherriffs Deputy/Custody Staff.

65.) Defendant King
  · Los Angeles County Jail Twin Towers
  · Deputy Sherriff
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under color of law as a Los Angeles
    County Sherriffs Deputy.

Continued

66.) Defendant Martinez
   · Los Angeles County Jail Twin Towers
   · Defendant is sued in his individual and official Capacity
   · Defendant operated under color of law as a Los Angeles County Sherriffs Deputy / Custody Staff.

67.) Defendant Bernal
   · Los Angeles County Main Jail  Mens Central Jail
   · Sherriffs Deputy
   · Defendant is sued in his indipendant and official Capacity
   · Defendant operated under color of law as a Los Angeles County Sherriffs Deputy

68.) Defendant Dare
   · Los Angeles County Main Jail Men's Central Jail
   · Sherriffs Deputy
   · Defendant is sued in his indipendant and Official Capacity
   · Defendant operated under color of law as A Los Angeles County Sherriffs Deputy.

69.) Defendant J. Orona
   · Los Angeles County Main Jail Men's Central Jail
   · Sheriffs Deputy
   · Defendant is sued in his individual and Official Capacity
   · Defendant operated under color of law as a Los Angeles County Sherriffs Deputy.

70.) Defendant Bassett
   · Los Angeles County Jail Twin Towers
   · Sherriffs Deputy
   · Defendant is sued in his individual and official capacity
   · Defendant operated under color of law as a Los Angeles Sherriffs Deputy.

continued

71.) Defendant Lansen
  · Los Angeles County Jail
  · Senior Sherriffs Deputy
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under color of law as a Los
    Angeles County Senior Sherriffs Deputy

72.) Defendant Steinert, J. #439201
  · Los Angeles County Jail
  · Sargent/Sherriffs Deputy
  · Defendant is sued in his/her individual and Official Capacity
  · Defendant operated under color of law as a Los
    Angeles County Sherriffs Deputy Sargent.

73.) Defendant Gonzalez #484622
  · Los Angeles County Jail
  · Liutenant Sherriffs Deputy
  · Defendant is sued in his/her individual and Official Capacity
  · Defendant operated under Color of Law as a Los Angeles
    County Liutenant Sherriffs Deputy.

74.) Defendant Vasquez
  · Los Angeles County Jail Twin Towers/Legal Unit
  · Defendant is sued in his individual and Official Capacity
  · Defendant operated under color of law as the
    Los Angeles County Jail Twin Towers Legal unit Staff.

75.) Defendant Alex Villanueva
  · Sherriffs Department Headquarters, 4700 Ramona Blvd. Monterey Park, CA 91754
  · Sherriff of Los Angeles County
  · Defendant is sued in his individual and or official Capacity
  · Defendant operated under color of law as head Sherriff
    of Los Angeles County and the superior of multiple defendants

continued

76.) Defendant County of Los Angeles
- address is Unknown
- Defendant is sued in its official capacity
- Defendant operated under the color of law as the employer of multiple defendants.

77.) Defendant Melissa S. Hatanaka #488249
- Los Angeles County Jail Twin Towers / Mental Health
- Psych Social Worker
- Defendant is sued in her individual and official capacity
- Defendant operated under color of law as a Los Angeles County Jail Psych Social Worker in Twin Towers.

78.) Defendant Umair I. Vaid #635690
- Los Angeles County Jail Twin Towers/Mental Health
- Psych Social Worker
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a Los Angeles Count Jail Psych Social Worker in Twin Towers.

79.) Defendant George J. Wixson #C152489
- Los Angeles County Jail Twin Towers
- Psychiatrist
- Defendant is sued in his individual and official capacity.
- Defendant operated under color of law as a Los Angeles County Jail Psychiatrist in Twin Towers/Mental Health

80.) Defendant Miguel Graciano #541031
- Los Angeles County Jail Twin Towers
- Psych Social Worker
- Defendant is sued in his individual and official capacity.
- Defendant operated under color of law as a Los Angeles County Jail Psych Social Worker at Twin Towers.

Continued

81.) Defendant Grindelia Arredondo #627417
- Los Angeles County Jail Twin Towers/Mental Health
- Psych Social Worker
- Defendant is sued in his/her individual and Official Capacity
- Defendant operated under Color of Law as a Los Angeles County Jail Psych Social Worker at Twin Towers.

82.) Defendant Daisy Arriaza #621632
- Los Angeles County Jail Twin Towers/Mental Health
- Psych Social Worker
- Defendant is sued in her individual and Official Capacity
- Defendant operated under the color of law as a Los Angeles County Jail Psych Social Worker in Twin Towers.

83.) Defendant Sherri C. Vance/RN531613
- Los Angeles County Jail
- Defendant is sued in his/her individual and official Capacity
- Defendant operated under color of law as a Los Angeles County Jail employee that handles medical greivances.

84.) Defendant Urso #462481
- Los Angeles County Jail
- Defendant is sued in his/her individual and Official Capacity
- Defendant operated under color of law as a Los Angeles County Jail employee that handles medical grievences.

85.) Defendant Simmons
- Los Angeles County Jail/Medical
- Nurse Practitioner
- Defendant is sued in her individual and Official Capacity
- Defendant operated under color of law as a Nurse Practitioner/Docter at Los Angeles County Jail medical area.

86.) Defendant Christina E. Chavez #628801
- Los Angeles County Jail / Mental Health
- Medical Case Worker
- Defendant is sued in her individual and Official Capacity
- Defendant operated under color of law as a Los Angeles County Jail Medical Case Worker for Mental Health.

87.) Defendant Susie A. Youssef #635386
- Los Angeles County Jail / Mental Health
- Psychiatric Social Worker
- Defendant is sued in her individual and Official Capacity
- Defendant Operated under color of law as a Los Angeles County Mental Health Psychiatric Social Worker

88.) Defendant Guido B. Reyes #527377
- Los Angeles County Jail / Medical
- Registerd Nurse
- Defendant is sued in his individual and official Capacity.
- Defendant operated under color of law as a Registerd Nurse for Los Angeles County Jail Medical

89.) Defendant Alejandro Liwag #544135
- Los Angeles County Jail / Medical
- Registerd Nurse
- Defendant is sued in his individual and Official Capacity
- Defendant operated under color of law as a Registerd Neurse at the Los Angeles County Jail.

90.) Defendant Sarita E. Linares #640558
- Los Angeles County Jail / Medical
- Registerd Nurse
- Defendant is sued in his/her individual and Official Capacity
- Defendant operated under color of law as a RN at the Los Angeles County Jail.

Continued

91.) Defendant Gina Ferrara # 538068
 · Los Angeles County Jail / Mental Health
 · Department of Mental Health Psychaitrist
 · Defendant is sued in her individual and official Capacity
 · Defendant operated under color of law as a Psychiatrist
   for DMH at Los Angeles County Jail.

92.) Defendant Valentino J. Jacob / RN 511425
 · Los Angeles County Jail / Medical
 · Registerd Nurse
 · Defendant is sued in his individual and Official Capacity
 · Defendant operated under color of law as a RN at Los Angeles County
   jail.

93.) Defendant John H. Chiu / PA C170756
 · Los Angeles County Jail / Medical
 · Ordering Physician
 · Defendant is sued in his individual and Official Capacity
 · Defendant operated under color of Law as a Ordering
   Physician at the Los Angeles County Jail.

94.) Defendant Ali Hosseini Rivandi / C1302
 · Adress Unknown / Los Angeles County Jail maby / Medical
 · Physician
 · Defendant is sued in his individual and Official Capacity
 · Defendant operated under color of Law as a Physician
   that does Diagnostic Interpritations of X-Rays for LA County Jail

95.) Defendant Christina Chavez # 628801
 · adress Unknown / Los Angeles County Jail maby / Mental Health
 · Defendant is sued in her individual and Official Capacity
 · Defendant operated under color of law as a Mental Health
   examinor Psychiatrist / elinition for the Los Angeles Superior courts.

Continued

96.) Defendant Brittany Perez / #650119
- Los Angeles County Jail / Mental Health
- Phych Social Worker
- Defendant is sued in her individual and official Capacity
- Defendant operated under Color of law as a Phych Social Worker for release planning in Los Angeles County Jail

97.) Defendant Kieth E. Carrillo #524281
- Los Angeles County Jail / Medical
- Nurse Practitioner
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a nurse practitioner at the Los Angeles County Jail.

98.) Defendant Mark Ridley-Thomas
- Address Unknown
- Board of Supervisors for the Second District, LA County
- Defendant is sued in his individual and official Capacity
- Defendant operated under color of law as a Los Angeles County Board of Supervisor for the Second District; Correctional Health Survices, Department of Health Services.

99.) Defendant Jackie Clark-Weissman
- address Unknown
- Director of the Board of Supervisors, Los Angeles County
- Defendant is sued in her/his individual and official Capacity.
- Defendant Operated under color of law as the Director of the Board of Supervisors for Correctional Health services, Department of Health Services for Los Angeles County

NOTE: Defendant 98 has been indited for curruption

Continued

100.) Defendant Eric C. Taylor
- Address Unknown
- Presiding Judge of Los Angeles County /or L.A. Superior Courts
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as the presiding Judge, superior of defendants, giving orders.

101.) Defendant Tani G. Cantil-Sakauye
- Address Unknown
- Chief Justice of California and Chaire of the Judicial Counsel
- Defendant is sued in her/his individual and official capacity
- Defendant operated under color of law as the superior of defendants, as the Chief Justice of California, giving orders.

102.) Defendant The State of California /or California Republic
- Address Unknown /Sacramento County
- Defendant is sued in its official capacity
- Defendant operated under color of law as the employing entity of defendants.

103.) Defendant City of Sacramento
- City Hall in Sacramento
- Defendant is sued in its official capacity
- Defendant operated under color of law as the employer or defendants.

104.) Defendant Sacramento Police Department
- Address Unknown
- Defendant is sued in its official capacity
- Defendant operated under color of law as the employing entity of defendants.

P.H.
Continued

105.) Defendant Correctional Health Services, Department of Health Services, Los Angeles County
- 441 Bauchet Street, Room 1017, Los Angeles, CA 90012
- Defendant is sued in its official capacity
- Defendant operated under color of law as the employing entity of defendant.

106.) Defendant Eric Garcett
- City Hall
- Mayor of The City of Los Angeles
- Defendant is sued in his individual and official capacity
- Defendant operated under the color of law as the supervising authority of the defendants.

107.) Defendant Gavin Newsom
- Sacramento
- Governer of California
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as the superior and executive authority of defendants.

108.) Defendant Attorney General; Name unknown at this time.
- Address unknown
- Attorney General of California
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a superior of defendants

109.) Defendant Chief of Police; Name unknown at this time.
- Address Unknown
- Chief of Police For Los Angeles City
- Defendant is sued in his official and individual capacity
- Defendant operated under color of law a superior of defendants

110.) Defendant Bryan Johnson
   · Sacramento Sherriff's Office
   · Sacrament Sheriffs Deputy/PRCS Task Force Agent
   · Defendant is sued in his individual and Official Capacity.
   · Defendant operated under color of law as a Sacramento
     Sheriffs Deputy/PRCS Task Force Agent.

111.) Defendant Keefe Commissary Network
   · P.O. BOX 17490, St. Louis, MO 63178-7490,
     325 for Los Angeles Co Sheriff's Dept
   · Defendant is sued in it's official Capacity
   · Defendant operated under color of law as a
     commissary vender for the Los Angeles Sheriff Dept.

112.) Defendant J. LeFlore #508472
   · Los Angeles County Jail
   · Sargeant
   · Defendant is sued in his/her individual and Official Capacity.
   · Defendant operated under color of law as a sargeant
     for the Los Angeles County Sheriff, at the Los Angeles County Jail.

113.) Defendant Bou #516854
   · Los Angeles County Jail
   · Defendant is sued in his/her individual and Official Capacity
   · Defendant operated under color of law as a Los
     Angeles County Jail appeals coordinater.

114.) Defendant Kruzic #453160
   · Los Angeles County Jail
   · Defendant is sued in his/her individual and Official Capacity.
   · Defendant operated under color of law as a Los
     Angeles County Jail Appeals Coordinater.

Continued

115.) Defendant Cosio #495876
  · Los Angeles County Jail
  · Sargeant
  · Defendant is sued in his/her individual and Official Capacity.
  · Defendant operated under color of law as a Los
    Angeles County Jail Sargeant.

116.) Defendant J. Calderon #533189
  · Los Angeles County Jail
  · Defendant is sued in his/her individual and Official Capacity
  · Defendant acted under color of law as a Los Angeles
    County JCC.

117.) Defendant J. Lee # 467501
  · Los Angeles County Jail
  · Sergeant
  · Defendant is sued in his/her individual and Official Capacity
  · Defendant operated under color of law as a Los Angeles
    County Jail Sergeant.

118.) Defendant Kraut Kramer #465884
  · Los Angeles County Jail
  · Detective
  · Defendant is sued in his/her individual and Official Capacity
  · Defendant operated under color of law as a detective
    for the Los Angeles County Jail.

119.) Defendant Johnson #530371
  · Los Angeles County Jail
  · A/Sgt. Detective
  · Defendant is sued in his/her individual and official Capacity
  · Defendant operated under color of law as an A/Sgt.
    Detective for Los Angeles County Jail.

continued

120.) Defendant Anthony Nelson
- Office of the Los Angeles County District Attorney
  211 West Temple Street, 17th Floor, Los Angeles, CA 90012
- Deputy District Attorney
- Defendant is sued in his individual and Official Capacity
- Defendant operated under color of law as a Deputy
  District Attorney for Los Angeles County.

121.) Defendant Benyomin Forer
- Office of the Los Angeles County District Attorney
  211 West Temple Street, 17th Floor, Los Angeles, CA 90012
- Deputy District Attorney
- Defendant is sued in his individual and Official Capacity.
- Defendant operated under color of law as a Los
  Angeles County Deputy District Attorney.

122.) Defendant's Does 1-100
- Los Angeles County Jail Twin Towers
- Deputy Sheriff's, Jail employee's, Lawyers, DRB members, ect.
- Defendants are sued in there individual and official
  Capacity.
- Defendants operated under color of law as Los Angeles
  Sheriff's deputies

123.) Defendant Blaylock
- Los Angeles County Jail Twin Towers
- Deputy Sheriff
- Defendant is sued in his individual and Official Capacity
- Defendant operated under color of law as a Los Angeles
  Sheriff Deputy.

124.) Defendant Rimirez
- Los Angeles County Jail/Men's Central Jail
- Deputy Sheriff
- Defendant is sued in his individual and official Capacity
- Defendant operated under color of law as a Los Angeles Sheriff deputy.

125.) Defendant Torres
- Los Angeles County Jail / Men's Central Jail
- Deputy Sheriff
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a Los Angeles Sheriff Deputy.

126.) Defendant Henry McClusky #0501
- Sacrament Police Department
- Detective
- Defendant is sued in his individual and official Capacity
- Defendant operated under color of law as a Sacramento Police Department Detective.

127.) Defendant Schumacher
- Sacramento Police Department
- Sargent
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a Sacramento Police Department Sargent.

128.) Defendant Alexander Griy #0843
- Sacramento Police Department
- Detective
- Defendant is sued in his individual and official capacity
- Defendant operated under color of law as a Sacramento Police Detective.

Continued

129.) Defendant Fan
• Sacramento Police Department
• Detective
• Defendant is sued in his individual and official capacity
• Defendant operated under color of law as a Sacramento Police Detective

130.) Defendant Thebeau
• Sacramento Police Department
• Detective
• Defendant is sued in his individual and official Capacity
• Defendant operated under color of law as a Sacramento
Police Detective.

131.) Defendant Carlton Davis
• Sacramento Superior Court Dept. 63
• Judge
• Defendant is sued in his individual and or official capacity
• Defendant operated under color of law as a Sacramento
County Superior Court Judge.

132.) Defendant Los Angeles County Probation Department For Adaults
• Los Angeles County probation Department Adualt Division
• Defendant is sued in its official capacity
• Defendant operated under color of law as employer of defendants.

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

1.) "illegal siezure" in violation of the "4th Amendment" of the United States Constitution". False Arrest.

2.) "False imprisonment" a violation" of the "14th Amendment" of the United States Constitution. "Illegal Commitment".

3.) "Violation of Due Process" under the "14th Amendment" of the United States Constitution.

4.) "Violation of Speedy Trial Rights" under the 6th Amendment of the United States Constitution.

5.) "Government interferance with defense Counsel" in violation of the "6th Amendment" of the United States Constitution.

6.) "Cruel & unusual punishment, deliberate indifference" in violation of the "8th Amendment" of the United States constitution.

7.) "Right to be free from retaliation", 1st Amendment U.S. Constitution.

8.) "violation of the ADA Act."

9.) "violation of the Tom Bane Civil Rights Act."

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

General Allegations

1.) At all times relevant hereto, BRANDON EUGENE HUNTER (Plaintiff) is, and at all times relevant, a resident of the County of Sacramento, State of California, and Plaintiff is, and at all times relevant, a competent adault.

2.) Plaintiff is informed and believes and thereon alleges that, at all time relevant hereto, Defendant Los Angeles Police Department ("Defendant" or "Department"), was an entity engaged as a matter of commercial actuality in purposeful economic activity within the County of Los Angeles, State of California, and at all times relevant hereto, operated the Los Angeles Police Department, which is an administrative agency of the city of Los Angeles.

3.) Plaintiff is informed and believes and thereon alleges that,

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

at all times relevant hereto, Defendant Los Angeles county Sheriff's Department ("Defendant" or "Department"), was an entity engaged as a matter of commercial actuality in purposeful economic activity within the County of Los Angeles, state of California and at all time relevant hereto, operated the Los Angeles County Sheriff's Department, which is an administrative agency of Los Angeles County.

4.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant The Commission on Peace Officer Standards and Training ("Defendant" or "Department"), was an entity engaged as a matter of comercial actuality in purposeful economic activity within the State of California and at all time relevant hereto, operated The Commission on Peace Officer Standards and Training.

5.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant California Clerks Association was an entity engaged as a matter of commercial actuality in purposeful economic activity within the State of California and at all times relevant hereto, operating the California Clerks Association.

6.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant California State Bar Association was an entity engaged as a matter of commercial actuality in puposeful economic activity within the State of California and at all time relevant hereto, operated the California State Bar Association.

7.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant California District Attorney's Association was an entity engaged as a matter of commercial actuality in purposeful

economic activity within the State of California, and at all times relevant hereto, operated the California District Attorney's Association.

8.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Los Angeles County Probation Department Adault Division ("Defendant" or "Department") was an entity engaged as a matter of commercial actuality in purposeful economic activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the Los Angeles County Probation Department, which is an administrative agency of Los Angeles County.

9.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Chief Probation Officers Association of California, was an entity engaged as a matter of commercial actuality in purposeful economic activity within the State of California, and at all times relevant hereto, operated the Chief Probation Officers Association of California.

10.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Los Angeles County Public Defenders Office, was an entity engaged as a matter of commercial actuality in purposeful economic activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the Los Angeles County Public Defenders Office, wich is an agency of Los Angeles County.

11.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Correctional Health Services, Department of Health Services ("Defendant" or "Department") was an entity engaged as a matter of commercial actuality in purposeful economic activity within the County of

Los Angeles, state of California and at all times relevant hereto, operated the Correctional Health Services, Department of Health Services, which is an agency of Los Angeles County.

12.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Keefe Commissary Network, was an entity engaged as a matter of commercial actuality in purposeful economical activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the Keefe Commissary Network.

13.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Sacramento Police Department ("Defendant" or "Department"), was an entity engaged as a matter of commercial actuality in purposeful economical activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the Sacramento Police Department, which is an agency of the City of Sacramento.

14.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Judicial Counsel of California was an entity engaged as a matter of commercial actuality in purposeful economical activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the Judicial Counsel.

15.) Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendant Superior Courts of California County of Los Angeles, was an entity engaged as a matter of commercial actuality in purposeful economical activity within the County of Los Angeles, state of California and at all time

relevant hereto, operated the Superior Court of California County of Los Angeles, which is a municiple agency for the state of California and County of Los Angeles.

16.) Plaintiff is informed and believes and therein alleges that, at all times relevant hereto, Defendant California Court of Appeals second Appellate District Division Four, was an entity engaged as a matter of commercial actuality in purposeful economical activity within the County of Los Angeles, State of California and at all times relevant hereto, operated the California Court of Appeals Second Appellate District Division Four, which is a Municipal agency for the state of California and County of los Angeles.

17.) Plaintiff is informed and believes and therein alleges that, at all time relevant hereto, Defendant Supreme Court of California, California Supreme Court, was an entity engaged as a matter of commercial actuality in puposeful economical activity within the state of California and at all times relevant hereto, operated the California Supreme Court, Supreme Court of California, wich is an agency of California.

18.) Plaintiff is informed and believes and therein alleges that, at all times relevant hereto, Defendant The California State Sheriffs Association, was an entety engaged as a matter of commercial actuality in purposeful economical activity within the County of los Angeles, State of California and at all times relevant hereto, operated The California State Sheriff's Association.

19.) Plaintiff is informed and believes and therein alleges that, all all times relevant hereto, Defendant The Board of State and Community Corrections, was an entety engaged as a matter of commercial actuality in purposeful economical activity within the County of

los Angeles, State of California and at all times relevant hereto, operated The Board of State and Community Corrections, which is an entity of the State of California for los Angeles County.

20.) Plaintiff is informed and believes and therein alleges that, at all times relevant hereto, Defendant Department of Corrections and Rehabilitation, was an entity engaged as a matter of commercial actuality in purposeful economical activity within the State of California and at all times relevant hereto, operated the Department of Corrections and Rehabilitation, wich is an agency of California for Los Angeles County.

21.) Plaintiff is informed and believes and therein alleges that, at all times relevant hereto, Defendant State Department of Public Health, (Defendant "or "Department"), was an entity engaged as a matter of commercial actuality in purposeful economical activity within the State of California and at all times relevant hereto, operated the State Department of Public Health, wich is an agency of California.

22.) Plaintiff is informed and believes and therein alleges that, at all times relevant hereto, Defendant City of Sacramento, ("Defendant" or "Department"), was an entity engaged as a matter of commercial actuality in purposefull economical activity within the State of California, City and County of Los Angeles and at all times relevant hereto, operated the City of Sacramento Police Department, which is an agency of Sacramento California.

23.) Plaintiff is informed and believes and there upon alleges that Defendants Does I through 100, and each of them, wether individual, corperate, associate or otherwise, are unknown to plaintiff at this time,

who therefore sue said Defendants by such fictitious names. Plaintiff will file Doe amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and beliefe alleges, that each Defendant herein designated as a Doe, was and is in some mannor, negligently, wrongfully, or otherwise, responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that the plaintiff's damages herein alleged were proximately caused by there conduct.

24.) Plaintiff is informed and believes and thereupon alleges that Defendants Does 1 through 100, inclusive, and each of them, were at all times relivant hereto, were agents, partners, and/or joint venturers of Defendants and/or each other, acting as supervisors, managers, administrators, owners, employers, employees, and/or Directors, or in some other unknown capacity. Defendents 1-140 inclusive.

25.) Plaintiff is informed and believes, and there upon alleges, that at all times meterial herein the defendants, and each of them, were the agents, servants, and employees, or ostencible agents, servants, or employees of each other defendant, and as such, were acting within the course and scope of said agencies and employement or ostensible agency and employement, except on those occaisions when Defendants were acting as principles, in which case, said defendants, and each of them, were neglegent in the selection, hiring, and use of other defendants, Defendants 1 through 132 inclusive.

26.) Plaintiff is further informed and believes, and thereupon alleges, that at all times relivant hereto, Defendants and each of them, acted in concert and in futherance of the intrist of each other Defendant

27.) Plaintiff has complied with, and/or exhausted any aplicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, or is exscused from complying therewith.

Fact Aplicable To All Causes of Action

28.) On 12-8-20 Plaintiff was illegaly siezed, Plaintiff was assaulted, Kidnapped, and falsely imprisoned, and robbed. Plaintiff was then denied due process, a fare public and speedy trial, torchered, assaulted, cruel and unushualy punished, Held aginst my will, and forced to accept a plea bargin aginst my will underneath the threat of durress and coersion.

29.) Plaintiff was agin robbed, refused medical attention and not properly treated by medical staff, and not properly treated by mental health staff, durring the period of incarceration from 12-8-20 to 11-30-21, and was not released after taking the plea bargain under durress and coersion, being over detained and dinied due process of law again.

Facts Aplicable To Individual Capacity

30.) On 12-8-20 Richard Acosta of the Los Angeles Police Department Hollywood Division, Badge # 36470, initiated an illegal traffic stop. The suspect alluded his capture. Acosta also falsified documents.

31.) Jennifer Leyva was in the patrol vehical at the time Richard Acosta made the illegal traffic stop, submitted a police report, and assisted in the investigation.

32.) On 12-8-20 Mike Nelson of the Los Angeles police Department Hollywood division, Claimes to be the arresting officer. I was stopped by nelson as I exited a liquer store on Hollywood Blvd. Nelson and several other deputies illegaly siezed me, assaulted me, Falsely imprisoned me, and kidnapped me. I filed a

Continued

Motion to supress for his illegal actions under Cal. Penal Code 1538.5 for U.S. Constitution violations of the 4th Amendment for illegal siezures, wich was also a violation of due process under the 14th Amendment of the U.S. Const. and Officer Mike Nelson did not attend the hearing to exsplain how or why he stopped and arrested me, or to exsplain his illegal conduct that night.

33.) Jamie Espinoza was the Primary Unit from the Los Angeles police department on 12-8-20, and impounded the vehical, and was present at my false arrest.

34.) Eduardo Mercado Sgt. #39108, was present 12-8-20 as a supervisor, and requested a follow up to a motel. LAPD

35.) Detective II Delivan was involved in arrest on 12-8-20, and is an accomplice. LAPD.

36.) Melissa Soto Enriquez, Reserve peace officer, was involved in the arrest 12-8-20, and is an accomplice. LAPD.

37.) Detective Morales # 56906, wrote false police reports 12-10-20, so the D.A. could falsly prosecute. LAPD.

38.) Sgt. II Hernandez was the advising investigative supervisor, West traffic watch commander, accompliss and supervisor of Deffendants on 12-8-20. LAPD Hollywood.

39.) B. Morris was the Erea watch commander on 12-8-20 and signed off on the falsefyd probable cause declaration. LAPD Hollywood.

40.) Thomas Willers Sgt. LAPD Hollywood conducted a canvas of the scene on 12-8-20, looked for witnesses and video footage with negative resualts, failing to properly investigate and retaine exsculpitory evidance, for the use of force on me. Declared me "incustody" at 18:11 hours.

continued

41.) Eric Acosta Hollywood LAPD was present on 12-8-20 and was told to follow up with the Detective for an ivestigative report. Richard Acosta and Eric Acosta may have traded places on reports.

42.) Evening Wight Sgt. LAPD, Helped conduct use of force investigation and is a superior and acomplice of defendant.

43.) Freddy Rayes Hollywood LAPD, Assaulted me, and assisted in the illegal siezure of me on 12-8-20.

44.) Richard Hechavarria Hollywood LAPD, assaulted me, and aided in the illegal siezure of me on 12-8-20.

45.) Joseph Peccoralo Hollywood LAPD assaulted and assisted in the illegal siezure of me on 12-8-20

46.) Cody Cummings Hollywood LAPD, is an accomplis to the assault of me on 12-8-20.

47.) Officer White Hollywood LAPD, Transported and aided in kidnapping me 12-8-20.

48.) Officer Watts Hollywood LAPD, Transported and aided in kidnapping me on 12-8-20.

49.) Los Angeles Police Department Hollywood Division, employed the Defendants in this matter, and continues to employ them.

50.) Los Angeles Police Department, for allowing the Hollywood subdivision to employ defendants in this matter.

51.) The Commission on Peace Officer Standards and Training, certified and trained incompitent peace officers for survice, and defendents in this matter.

52.) City of Los Angeles, for employing the Los Angeles Police Department, and allowing it to operate within it's boarders dispite multiple substantiated allications of misconduct dating back as fare as the 1990's, and repeated abuse of citizens.

53.) Ray Leyva, was listed as the supervisor of a defendant that falsefied a probation report, to keep me incarcerated.

54.) Cynthia Ademiluyi, Auther of the falsyfied probation report, that kept me incarcerated.

55.) Horacio Ramirez, is listed as the supervisor of the defendant who falsyfied the probation report.

56.) Chief Probation Officers Association of California, for being the representitives of defendants in this matter.

57.) Deputy Blum of Los Angeles sheriff's Department, tourcherd and tormented me, and refused to give me my dinner meal on 2-7-21, or 2-9-21, or 2-10-21, and it may have been a breakfast meal on the above dates.

58.) Lopez incuraged me to stab myself with a pencile on 2-8-21 or 2-10-21, and refused medical attention after I did stab myself, and slammed my head into the cell window breaking the glass. LASD

59.) Deputy Muttey or Mottey of LASD was the primary instigaitor and agitator of my mistreatment, denying me food on 2-10-21, and on other days denying me grievances, bedding, a bed, dropping my food on the floor, denying me medical attention everytime I was on his floor.

60.) Deputy Hum of LASD, is an accomplis of Muttey or Mottey.

61.) Deputy King of LASD, on 2-25-21 after I was moved from Muttey or Motteys floor after 3 to 4 weeks, refused to feed me dinner and was forced by the Sgt. on duty to feed me, the not feeding me incident led to me breaking another window and deputy King taking my commissary and putting it in another inmates storage box.

62.) Gary Puga #657894 of LASD, on 2-8-21 or 2-10-21 refused to give me my meal, and tried to trade my pencile for my meal, causing me

Continued

to breake the window with my head, he refused medical attention even though I requested it and had vissible injuries.

63.) Kevin Fox #642115, was an accomplice to Gary Puga, LASD

64.) Deputy Franks was an acomplice and refused me my property. LASD.

65.) Martinez of LASD, worked with Deputy King, and dropped my dinner trey on the floor of my cell on 2-26-21.

66.) Deputy Berral LASD, from 3-17-21 to 3-20-21 left me in the Pro Per Moduol without blankets or sheets to sleep in my cell with.

67.) Deputy Dare LASD, on 5-4-21 sent me out of my housing unit without a pass, that led to me being sexualy and physicaly assaulted by Deputy J. Orona and multiple Doe defendants.

68.) Deputy J. Orona LASD, sexualy and physicaly assaulted me on 5-4-21. Which lead to me feeling suicidal.

69.) Deputy Bassett, refused to take me to a medical appointment and prescribed treatment, on 9-2-21.

70.) Senior Deputy Lansen LASD, falsley claimed I was refunded money by keefe commissary Network, in response to a grievence 8-4-21, field by the ACLU on my behalf.

71.) Sgt. J. Steinert #439201, is the superior of Lansen and signed and aproved the false claim on the response to the ACLU's grievence about my missing funds. LASD

72.) Lt. Gonzalez #484622, is steinerts superior and also signed the document that falsley claimed I was re-enbursted funds from keefe. LASD

73.) Deputy Vasquez of L.A.S.D, denied me access to legal material and law library, and legal mail on numerous occaissions.

Pg
continued

74.) Los Angeles County or County of Los Angeles, for employing and allowing the Los Angeles Sheriffs Department to operate within its Jurisdiction, dispite multiple simular complaints, and years of curruption.

75.) Sheriff Alex Villanueva, for being the Superior of the Defendants and operating as the Sheriff of Los Angeles Sheriff Department, whom also is a Defendant.

76.) Los Angeles Sheriff Department, the municiple Corporation employing defendants.

77.) Sgt. J. Le Flore #508472, signed off on a fraudulent falsyfied response to an inmate appeal. LASD

78.) Bou #516854 LASD, inmate appeals coordinator, violating and impeeding due process of the inmate appeals system at Los Angeles County Jail.

79.) Kruzic #453160, Impeeded due process of my inmate appeals at the Los Angeles County Jail.

80.) Keefe Commissary Network, stole money from my inmate account, flusterd my appeals process to get my money back, and never returned the stolen money, or replaced the value with canteen.

81.) Cosio #495876 Sgt. LASD, Signed off on falsyfied report response to an inmate greivence.

82.) J. Calderon #533189 LASD JCC, signed off on a falsyfied report/response to an inmate grievence.

83.) J. Lee #467501 Sgt. LASD, pursued frivulous charges aginst me.

84.) KrautKramer Detective #465884, pursued frivulous charges aginst me. LASD

85.) Johnson Sgt. D.T. LASD #530371, pursued frivulous charges aginst me.

continued

86.) Blaylock LASD, refused to release me 11-23-21.

87.) Rimirez LASD, also refused to release me.

88.) Torres LASD, also refused to release me.

89.) Henry McClusky #0501 SPD D.T., assaulted and kidnapped me from Los Angeles County Jail, and transported me in a paddy wagon to Sacramento County Jail for over 7 hours. on 11-30-21

90.) Schumacher Sgt. SPD is an acomplis to the events on 11-30-21.

91.) Alexander Giu #0843 SPD D.T., is an acomplice to the events on 11-30-21.

92.) Fan SPD D.T., is an acomplice to the events on 11-30-21.

93.) Thebeau SPD D.T., is an acomplice to the events on 11-30-21.

94.) Los Angeles Police Department Chief of Police, for being the Superior of defendents.

95.) Patrick Hoare, Malfiecense, dirilect of duty, deliberate indifrense for false representation of me.

96.) Sumita L. Dalal, malfiecense, dirilect of duty, deliberate indifronse for false representation of me.

97.) California State Bar Association, for certifying incompitent workers, that caused damage to me.

98.) Daniel I. Kapelovitz, cause me deliberate indifrence by violating my due process and not submitting documents to the courts that could have freed me, forcing me to accept a deal under duress and coersion.

99.) Los Angeles County Probation Department, for employing incompitent defendants.

100.) Sacramento Police Department, for employing incompitent defendants.

continued

101.) City of Sacramento, for employing and allowing Sacramento Police Department to operate under its jurisdiction, dispite years of alligations being made aginst said departmen, and defendant in this matter.

102.) K. Lousteau, signed off on a falsyfied probable cause determination/Arest warrant, that was forged.

103.) Kimberley Baker Guillement, judicial misconduct.

104.) Miguel Espinoza, Judicial misconduct.

105.) Teresa T. Sullivan, judicial misconduct, and violation of my speedy trial rights, due process violation, and violation of oath to uphold the Constitution on 1-4-21 and 2-1-21, causing deliberate indifrence, keeping me falsley imprisoned.

106.) Renee Korn, judicial misconduct, violation of oath of office to uphold the constitution, diriect of duty, deliberate indifrence, retaliation, violation of speedy trial rights, and violation of due process rights on multiple occasions.

107.) Willhite, violation of due process, deliberate indifrence, violation of oath of officee to uphold the constitution, denied appeal.

108.) Collins, violation of oath to uphold the constition, violation of due process, deliberate indifrence. Denied Appeal.

109.) Curry, violation of oath of office to uphold the Constitution, denied appeal, deliberate indifrence, violation of due Access.

110.) Daniel P. Porter, violation of due process, deliberate indifrence. clerk of appealate court, may have denied apeal for the justices.

111.) S. Veverka, acomplice off Porter.

112.) Jorge E. Navarrete, violation of due Process, deliberate indifrence, refusing to process appeal.

113.) R. Ho, accomplace of Navarrete.

continued

114.) Mildred Escobedo, Orderd my assault by LASD Deputies, impeeded my due process, violated my speedy trial rights, unlawfully revoked my pro per status, forced me to accept counsel against my will, and commenced compitency proceedings without merrit, orderd my placement in a safety chair, deliberate indiffrence.

115.) California Court Clerks Association, for being the representitive of defendants.

116.) Mitchell, deliberate indifrence, violation of speedy trial, violation of due process, iniciated compitency proceedings without merritt.

117.) Los Angeles County Public Defenders Office, Employed incompitent counsel to falsley represent me without my prior consent on multiple occaisions, deliberate indiffrense.

118.) Los Angeles County Chief Public Defender, for being the superior of incompitent counsel and Defendants.

119.) Steven L. Gates, malicious procecution, prosecutoral misconduct, Deliberate indiffrense.

120.) Michelle D. Dodd, prosecutoral misconduct, maliciouse procecution, Deliberate indiffrense.

121.) Stephen Rivera, malicious prosecution, prosecutoral misconduct, deliberate indiffrense.

122.) Brian R. Hettinger, malicious prosecution, prosecutoral misconduct, deliberate indiffrense.

123.) Anthoney M. Ellis, malicious procecution, procecutoral misconduct, deliberate indiffrense.

124.) Sergio Tapia II, deliberate indiffrense, violation of due process, violation of oath, judicial misconduct, obstruction of justice.

125.) David J. Richman, deliberate indiffrense, prosecutoral misconduct.

Continued

126.) George Gascon, for being the superior of defendants.

127.) Eric C. Taylor, violation of oath, due procees violation, deliberate indiffrence, obstruction of justice, judicial misconduct, issuing unconstitutional and unlawfull orders.

128.) Tani G. Cantil-Sakauye, violation of oath, due process violation, deliberate indiffrense, obstruction of justice, judicial misconduct, issuing unconstitutional and unlawfull orders.

129.) State of California or California Republic, for employing defendants and allowing them to operate under and within there jurisdictional bourderies.

130.) Anthony Nelson, deliberate, indiffrense, malicious prosecution, prosecutoral misconduct.

131.) Benyamin Forer, deliberate indiffrence.

132.) Does 1-100, are unknown at this time, but were acomplices of other defendants.

133.) Melissa S. Hatanaka #488249, Deliberate indifrence, failed to properly treat mental health symptoms.

134.) Umair I. Vaid #635690, Deliberate indifrence, failed to properly treat mental Health symptoms.

135.) George J. Wixsom #C152489, failed to properly medicate mental health symptoms, deliberate indifrence.

136.) Miguel Graciano #541031, deliberate indifrence, failed to properly treat mental health symptoms.

137.) Grindelia Arredondo #627417, deliberate indifrence, failed to properly treat mental health symptoms.

138.) Daisy Arriaza #621632, deliberate indifrence, failed to properly treat mental health symptoms.

139.) Shern C. Vance RN531613, deliberate indifrence, failed to properly render medical services.

154.) Mark Ridley-Thomas, deliberate indifrence, failure to properly supervice and oversee the county jail medical and mental health system, curruption, dirilect of duty, and for being the supervising authority of defendants.

155.) Jackie Clark-Weissman, deliberate indifrence, dirilect of duty, failure to properly supervice defendant sabordinates.

156.) Correctional Health Services, Department of health services, for being the employer of defendants.

157.) Eric Garcett, for dirilect of duty, not properly overseeing the city of Los Angeles, and being the superior of defendants, deliberate indifrence.

158.) Gavin Newsom, deliberate indifrence, denial of due process, for issuing unconstitutional orders to subordinate defendants.

159.) Chief of Police for the City of Los Angeles, for being the superior of defendants.

159.) Chief of Police for Sacramento in the year of 2021, for being the superior of defendants.

160.) The People of the State of California, deliberate indifrence.

161.) The Los Angeles County probation department Adault Duission, deliberate indifrence, employing incompitent defendant employee's.

162.) Carlton Davis, deliberate indifrence, for issuing an unlawfull exstraction order, and violation of oath to uphold the Constitutions.

140.) Urso #462481, deliberate indiference, failed to properly handle medical grievences.

141.) Simmons, deliberate indifrence, failed to render adiquate medical services.

142.) Christina E. Chavez #628801, deliberate indifrence, failed to properly treat mental health symptoms.

143.) Susie A. Youssef #635386, deliberate indifrence, failed to properly treat mental health symploms.

144.) Guido B. Reyes #527377, deliberate indifrence, failed to render proper medical treatment.

145.) Alejandro Liwag #544135, deliberate indifrence, failed to render proper medical treatment.

146.) Sarita E. Linares #640558, deliberate indiffrence, failed to render proper medical treatment.

147.) Gina Ferrara #538068, deliberate indifrence, failure to properly treat mental health symptoms.

148.) Valentino J. Jacob RNS11425, deliberate indifrence, failure to provide adiquate medical services.

149.) John H. Chiu PAC170756, deliberate indifrence, failure to provide medical treatment.

150.) Ali Hasseini Rivandi C1302, deliberate indifrence, failure to provide medical treatment.

151.) Christina Chavez #628801, deliberate indifrence, failure to provide adiquate mental health treatment.

152.) Brittany Perez #650119, deliberate indifrence, failure to provide mental health services.

153.) Kieth E. Carrillo #524281, deliberate indifrence, failure to provide adiquate medical treatment.

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

$1,000,000,000 U.S. Dollars, or $25,000 U.S. Dollars per individual per violation, plus pain and suffering, emotional distress damages, loss of wages and potential earnings. Restraining orders to be issued perminently aginst all defendants. Injunctive reliefe for individuals that monitarily suable, Vacate conviction, and any other reliefe the courts deem fit or nessary to prevent this from happening agin, and to properly penilize this unjust illegal behavior, and to cover any damages occured past and present or future, and to order proper medical treatment and surgeries required for injuries caused by defendants, and an order for defendants to pay those future medical bills of plaintiff.

3/24/22
*(Date)*

*(Signature of Plaintiff)*

## PROOF OF SERVICE BY MAIL

Re: _____, Case No._____

I certify that, on __4/5/22__, I served the __42 U.S.C §1983__

_____ and any

attachments by mail on the persons listed below.

By:_____
   (signature)

Name and Address

1. Central District Court of California   3._____

   Los Angeles

   312 N. Spring St., #G-8

   Los Angeles, CA 90012-4793

2._____      4._____



Brandon Eugene Hunter XREF: 2359710
Sacramento County Main Jail
651 I Street / 8W 218A
Sacramento, CA 95814

CN

CLERK, U.S. DISTRICT COURT
APR 11 2022
CENTRAL DISTRICT OF CALIFORNIA
BY

Central District Court of California
Los Angeles
312 N. Spring St., # G-8
Los Angeles, CA 90012 - 4793

Legal Mail



Supplies provided to Inmate Brandon Hunter X-2359710 by the Sacramento County Main Jail Law Library for legal use only.  Use by any other person or for any other purpose is strictly prohibited.

Legal Mail