1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11      BRANDON EUGENE HUNTER,        Case No. 2:22-cv-02465-CAS (MAA)

12                    Plaintiff,      **ORDER OF DISMISSAL**

13             v.

14      RICHARD ACOSTA et al.,

15                    Defendants.

16

17

18    **I.      SUMMARY OF PROCEEDINGS**

19           On April 11, 2022, Plaintiff Brandon Eugene Hunter ("Plaintiff"), a pretrial

20    detainee currently housed at Sacramento County Mail Jail, filed a *pro se* Complaint

21    alleging violations of his civil rights pursuant to 28 U.S.C. § 1983.  (Compl., ECF

22    No. 1.)  On April 18, 2022, the Court granted Plaintiff's application to proceed *in*

23    *forma pauperis*.  (ECF Nos. 2, 4.)

24           Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), the Court screened and

25    dismissed the Complaint with leave to amend on May 31, 2022.  (ECF No. 6.)  On

26    June 21, 2022, Plaintiff filed a First Amended Complaint (ECF No. 9), which the

27    Court screened and dismissed with leave to amend on August 29, 2022 (ECF No.

28    10).

On December 13, 2022, Plaintiff filed a Second Amended Complaint ("SAC," ECF No. 14), which the Court screened and dismissed with leave to amend on January 23, 2023 ("Order," ECF No. 15).  The Court ordered Plaintiff to file a response to the Order, no later than February 22, 2023, electing to proceed with one of the following options: (1) file a Third Amended Complaint ("TAC"); (2) proceed with the SAC in its current form; or (3) voluntary dismissal.  (Order 4–6.)  The Court cautioned Plaintiff that "**failure to respond to this Order may result in a recommendation that this lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See* C.D. Cal. L.R. 41-1**."  (*Id*. at 6.)

On March 9, 2023, in the absence of a filed TAC or other response to the Order, the Court issued an Order to Show Cause, ordering Plaintiff to show cause by April 10, 2023 why the Court should not recommend that the case be dismissed for want of prosecution ("OSC").  (OSC, ECF No. 16.)  The Court stated that if Plaintiff filed a TAC or notice of dismissal on or before such date, the OSC would be discharged, and no additional action need be taken.  (*Id*.)  The Court again advised Plaintiff that "**failure to comply with this order will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**"  (*Id*.)

To date, Plaintiff has failed to file a TAC or otherwise comply with the Order, and has not responded to the OSC.  Indeed, Plaintiff has not communicated with the Court since filing the SAC on December 13, 2022.

## II.    LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution).

Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith."  *Id*.

## III.    DISCUSSION

### A.    The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law."  *In re: Phenylpropanolamine*, 460 F.3d at 1227.  "The public's interest in

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay."  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a TAC or otherwise comply with the Order, has failed to respond to the OSC, and has not participated in this lawsuit since December 13, 2022. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

**B.    Risk of Prejudice to Defendants**

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is

related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Here, Plaintiff has failed to file a TAC or otherwise comply with the Order, and has failed to respond to the OSC. Indeed, Plaintiff has not participated in this lawsuit since December 13, 2022. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C.    Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court twice warned Plaintiff that failure to respond to the Court's orders would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to file a TAC or otherwise respond to the Order from February 22, 2023 to April 10, 2023. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

/ / /

/ / /

5

### D.     Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.  However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228.  Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted).  The case has been stalled by Plaintiff's failure to file a TAC or otherwise comply with the Order, and failure to respond to the OSC.  Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's non-compliance and inaction.

### E.     Dismissal Without Prejudice

In summary, Plaintiff's failures—to file a TAC or otherwise comply with the Order, to respond to the OSC, and to otherwise participate in this lawsuit since December 13, 2022—constitute willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

/ / /

/ / /

/ / /

/ / /

## IV.   CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

DATED: April 27, 2023

_____

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

7